UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN F. STIVALA,          :    CIVIL NO.  **1:06-CV-00505**
                            :
            Plaintiff       :    (Chief Judge Kane)
                            :
        v.                  :    (Magistrate Judge Smyser)
                            :
JOSEPH SMITH and            :
KEVIN WHARTON,              :
                            :
            Defendants      :

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

    The plaintiff commenced this action by filing a complaint on March 8, 2006.

    The complaint names as defendants the Pennsylvania Board of Probation and Parole (Board), and Joseph Smith and Kevin Wharton, employees of the Board.  The plaintiff's complaint concerns his arrest and detention on technical parole violation charges.  The plaintiff claims that the defendants violated his rights under the United States Constitution.  More specifically, the plaintiff claims that the defendants violated his Fourth Amendment, due process, Sixth Amendment, and Eighth Amendment rights.  Although not set forth as a separate count or cause of action, the plaintiff also contends that the defendants violated his rights under the Pennsylvania Constitution.  The plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. The plaintiff also seeks attorney's fees and costs.

On May 18, 2006, defendants Smith and Wharton filed an answer to the complaint.  By an Order dated May 19, 2006, the Board was dismissed as a party to this action.

The case is on Chief Judge Kane's May 7, 2007 trial list.

On October 2, 2006, defendants Smith and Wharton filed a motion for summary judgment, a statement of materials facts, a brief and documents in support of their motion.  On October 16, 2006, the plaintiff filed a counterstatement of material facts, a brief and documents in opposition to the defendants' motion for summary judgment.  No reply brief has been filed.

II.  Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

2

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

III. Material Facts.

The following facts are not in dispute for purposes of deciding the defendants' motion for summary judgment.

In 1991, a jury convicted the plaintiff of an arson-related charge. *Statement of Material Facts filed in Support of Defendants' motion for Summary Judgment at ¶1 and Plaintiff's Counterstatement of Material Facts in Opposition to Defendants' Motion for Summary Judgment at ¶1.* On October 8, 1992, the plaintiff was sentenced to a term of imprisonment of four to twelve years. *Id. at ¶2.* The Board paroled the plaintiff from that sentence in August of 1999. *Id. at ¶5.* One of the parole conditions imposed by the Board was that the plaintiff shall refrain from any assaultive behavior. *Id. at ¶6.*

3

On November 4, 2003, the plaintiff was arrested by Officer Perry of the Scranton Police Department based on a report made by Christopher Albright that the plaintiff had run into him with a vehicle. *Id. at ¶7.*  The plaintiff was charged with aggravated and simple assault. *Id.*  Because of the arrest, a parole detainer was lodged by the Board. *Id.*

Thereafter, the plaintiff's parole agent at the time reported to defendant Smith that the aggravated assault charge had been dropped and that the simple assault charge would be dismissed. *Id. at ¶8.*[1]  Defendant Smith lifted the Board detainer and instructed the parole agent to effect the plaintiff's release and bring him in to the office for an administrative conference. *Id. at ¶9.*  The parole agent went to the county jail and returned to the district office with the plaintiff. *Id. at ¶10.*  An administrative conference was held and, at the conclusion of the conference, defendant Smith allowed the plaintiff to continue on parole with a number of additional conditions, including no driving a motor vehicle and no contact with Christopher Albright. *Id.*

---

[1] The plaintiff denied the facts stated in paragraph 8 of the defendants' statement of material facts.  The plaintiff provided an explanation and cited to a number of sources.  Those sources, however, do not create a genuine dispute about the facts set forth by the defendants.  In this instance and others, pursuant to Local Rule 56.1, where the portions of the record cited by the defendants support the factual assertions made by the defendants and the parts of the record cited by the plaintiff do not controvert the factual assertions made by the defendants, we deem the factual assertions made by the defendants to be admitted.

4

In March of 2004, defendant Smith received a call from an individual who identified himself as Christopher Albright's brother. *Id. at ¶12.*  The caller questioned the earlier decision to release the plaintiff from custody, complaining that the plaintiff remained a dangerous and violent person. *Id.*  The caller cited to the November 2003 incident with Christopher Albright and alleged that the plaintiff had committed a series of acts of intimidation since. *Id.*  Thereafter, Christopher Albright called defendant Smith and told him that he feared for his safety and that of his family due to ongoing threats from the plaintiff. *Id. at ¶13.*  Defendant Smith also learned that the simple assault charge had been dismissed on jurisdictional grounds due to a finding that the incident occurred outside of Scranton's city limits and not because the court found the charge to be without merit. *Id.*

Defendant Smith believed that there was credible evidence that the plaintiff had violated the condition of his parole that he refrain from assaultive behavior. *Id. at ¶14.*  Defendant Smith ordered defendant Wharton to arrest the plaintiff on a technical violation because of this evidence. *Id. at ¶15.*  Sometime after he arrested the plaintiff, defendant Wharton interviewed Christopher Albright. *Id. at ¶16.*  Albright gave a statement indicating that, on or about November 3, 2003, he was jogging toward his home when the plaintiff slowly drove past him, then turned his car around and hit him with his vehicle. *Id.*  According to Albright's statement, this action lifted him off his feet and pushed him off the road. *Id. at ¶17.*  Albright stated that the plaintiff then started

5

screaming at him that he wanted to kill him and take him into the woods and beat him. *Id.*

Defendant Wharton also spoke to a Robert McAndrew as well as other individuals. *Id. at ¶¶18, 23 & 24.*

The plaintiff was charged with two technical violations of his parole. *Doc. 1, Exhibit B.* The first charge (Count I) was based on the November 3, 2003 incident with Christopher Albright. *Id.* The second charge (Count II) was based on an alleged incident in 2000 involving the plaintiff and Mr. McAndrew. *Id.*

On March 16, 2004, Hearing Examiner Partick McCrone conducted the plaintiff's preliminary parole hearing. *Statement of Material Facts filed in Support of Defendants' motion for Summary Judgment at ¶27 and Plaintiff's Counterstatement of Material Facts in Opposition to Defendants' Motion for Summary Judgment at ¶27.* The plaintiff and his attorney appeared at the preliminary hearing and the plaintiff's attorney participated in examining witnesses and challenging evidence. *Id.* At the conclusion of the hearing, the hearing examiner determined that there was probable cause to bind the plaintiff over for a violation hearing on both charges. *Id.*

On April 12, 2004, an amended Notice of Violation was issued removing the second parole violation charge (Count II - relating to McAndrew). *Complaint at ¶63 and Answer at ¶63.*

On April 27, 2004, a panel of the Board held a violation hearing. *Id. at ¶64.* Instead of hearing the case on the merits, the panel, over the plaintiff's objection, continued the matter. *Id.* On May 13, 2004, with no further hearing, the Board reinstated the plaintiff's parole. *Id. at ¶65.*

IV. Discussion.

The defendants argue that they had reasonable cause to believe that the plaintiff had committed one or more technical violations of the conditions of parole, and that based on the facts known to them at the time they acted their conduct did not violate any federally-protected right of the plaintiff.  The defendants also argue that they are immune from damages for any claim under the Pennsylvania Constitution.

A. Fourth Amendment.

The plaintiff claims that the defendants violated the Fourth Amendment by arresting and detaining him.

The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

7

"The essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of "reasonableness" upon the exercise of discretion by government officials, including law enforcement agents, in order 'to safeguard the privacy and security of individuals against arbitrary invasions.'" *Delaware v. Prouse,* 440 U.S. 648, 653-54 (1979)(footnote omitted)(quoting *Marshall v. Barlow's Inc.,* 436 U.S. 307 (1978)).  "Thus, the permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Id.* at 654.

A police officer may arrest a person if there is probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004). Parolees, however, have a more limited liberty interest than ordinary citizens. *Knox v. Smith,* 342 F.3d 651, 657 (7th Cir. 2003).  "Consequently, the seizure of a parolee requires something less than probable cause to be reasonable under the Fourth Amendment." *Id.*  Reasonable suspicion of a violation of parole is reasonable under the Fourth Amendment for the seizure of a parolee. *Id.*

In the instant case, based on the statement provided by Christopher Albright that the plaintiff hit him with a vehicle the defendants had reasonable suspicion to arrest and detain the plaintiff for violating the condition of his parole that he not engage in assaultive conduct.

The plaintiff denies that he hit Christopher Albright with his vehicle.  The plaintiff asserts that he and Albright were involved in civil litigation and that Albright fabricated the story. However, it is not disputed that Albright relayed his version of the story to defendant Smith.  Based on Albright's allegations, the defendants had reasonable suspicion to believe that the plaintiff violated his parole.  Accordingly, the arrest and detention of the plaintiff by the defendants did not violate the Fourth Amendment.[2] It is recommended that the defendants be granted summary judgment on the plaintiff's Fourth Amendment claim.

B. Substantive Due Process.

The plaintiff claims that the defendants violated his substantive due process rights by arresting and detaining him.

"'[T]he core of the concept' of due process is 'protection against arbitrary action.'" *Kaucher v. County of Bucks,* 455 F.3d 418, 425 (3d Cir. 2006)(quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 845 (1998)). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense."  *Id.* Executive action violates substantive due process only when the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary

---

[2] Since we have determined that the defendants had reasonable suspicion to arrest and detain the plaintiff based on Albright's statement, we need not determine whether the defendants had reasonable suspicion to arrest and detain the plaintiff on the basis of the statement given by McAndrew.

conscience. *Id.* "The exact degree of wrongfulness necessary to reach the "conscience shocking" level depends upon the circumstances of a particular case." *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999). "The level of culpability required to shock the conscience increases as the time state actors have to deliberate decreases." *Sandford v. Stiles,* 456 F.3d 298, 309 (3d Cir. 2006). "In a "hyperpressurized environment," an intent to cause harm is usually required." *Id.* "On the other hand, in cases where deliberation is possible and officials have the time to make 'unhurried judgments,' deliberate indifference is sufficient." *Id.* There are circumstances involving something less urgent than a "split-second" decision but more urgent than an "unhurried judgment" including situations in which the state actor is required to act in a matter of hours or minutes and in which there is some urgency and only "hurried deliberation" is practical. *Id.* at 309-310. In these situations, "the relevant question is whether the officer consciously disregarded a great risk of harm." *Id.* at 310.

As indicated above, based on Christopher Albright's statement, the defendants had a reasonable suspicion to believe that the plaintiff violated his parole. Thus, the defendants' actions in arresting and detaining the plaintiff were not arbitrary in the constitutional sense and, therefore, not a violation of substantive due process. It is recommended that the defendants be granted summary judgment on the plaintiff's substantive due process claim.

C. Right of Confrontation & Eighth Amendment.


   The plaintiff claims that the defendants violated his right to confront the witnesses against him.  The plaintiff also claims that the defendants violated his rights under the Eighth Amendment by wrongfully denying him bail and by subjecting him to cruel and unusual punishment.  The defendants did not address these claims in their brief.[3]  Accordingly, we do not address these claims.

D. State Constitutional Claims.


   The defendants contend that they are immune from damages for any claim under the Pennsylvania Constitution.


   The Commonwealth of Pennsylvania is immune from suit except to the extent the General Assembly has waived that immunity. 1 Pa.C.S.A. § 2310.  The sovereign immunity bar extends to Commonwealth employees acting within the scope of their duties. *Shoop v. Dauphin County*, 766 F. Supp. 1327, 1333-34 (M.D. Pa. 1991), *aff'd*, 945 F.2d 396 (3d Cir. 1991).  The exceptions to sovereign immunity are set forth in 42 Pa.C.S.A. § 8522(b).  The

---

   [3] We note that the defendants did not specifically cite to the Fourth Amendment or substantive due process in their brief. However, they did argue that they had reasonable cause to believe that the plaintiff had committed one or more technical violations of the conditions of his parole.  That argument can reasonably be construed to address the plaintiff's Fourth Amendment and substantive due process claims.  On the other hand, that argument can not reasonably be construed to address the plaintiff's right of confrontation and Eight Amendment claims.

plaintiff's state constitutional claims do not fall within any of the exceptions to sovereign immunity.  Accordingly, it will be recommended that the plaintiff's state claims be dismissed.

V. Recommendation.

    Based on the foregoing, it is recommended that the defendants' motion (doc. 16) for summary judgment be **GRANTED**.  It is recommended that the defendants be granted summary judgment on the plaintiff's Fourth Amendment, substantive due process and state constitutional claims.  Since the defendants did not address the plaintiff's right of confrontation and Eighth Amendment claims, it is recommended that summary judgment not be granted on those claims.

                                        _**/s/ J. Andrew Smyser**_
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  January 11, 2007.

12