## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN F. STIVALA,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:06-CV-505** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JOSEPH SMITH and** | : | |
| **KEVIN WHARTON,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Before the Court are Defendants' motion for summary judgment (Doc. No. 16),

Magistrate Judge Smyser's Report and Recommendation (Doc. No. 27), and Plaintiff's

objections thereto (Doc. No. 31).  Also before the Court is Defendants' motion for leave to file a

supplemental motion for summary judgment.  (Doc. No. 28.)

## I.    BACKGROUND

### A.    Procedural Background

On March 8, 2006, Plaintiff filed a complaint in this Court alleging violations of his

Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and various Pennsylvania

constitutional rights.  (Doc. No. 1.)  In his complaint, Plaintiff named three defendants:

(1) Pennsylvania Board of Probation and Parole ("the Board"); (2) Joseph Smith, District

Director for the Scranton District Office of the Board; and (3) Kevin Wharton, a parole agent.

On May 18, 2006, Defendants Smith and Wharton filed an answer to the complaint with

affirmative defenses.  (Doc. No. 9.)  Also on May 18, 2006, the Board filed a motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of sovereign immunity.

(Doc. No. 8.)  Plaintiff concurred with the Board's motion, and Magistrate Judge Smyser

dismissed the Board as a party on May 19, 2006.  (Doc. No. 10.)   Thus, only Smith and Wharton

remain as defendants in this case.

On October 2, 2006, Defendants Smith and Wharton filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 16.) The parties briefed the motion. (Doc. Nos. 17-22.) On January 11, 2007, Magistrate Judge Smyser issued a report recommending that Defendants' motion for summary judgment be granted. (Doc. No. 27.) However, Magistrate Judge Smyser recommended that summary judgment not be entered in favor of Defendants on Plaintiff's Sixth and Eighth Amendment claims because Defendants did not address those issues in their motion for summary judgment. (Id.)

Following the report and recommendation, on January 19, 2007, Defendants filed a motion for leave to file a supplemental motion for summary judgment addressing Plaintiff's Sixth and Eighth Amendment claims (Doc. No. 28) and Plaintiff filed objections to Magistrate Judge Smyser's report and recommendation pursuant to Local Rule 72.3 (Doc. No. 31). Both have been fully briefed (Doc. Nos. 29, 30, 36-42) and are ripe for disposition.

### B.    Factual Background

Plaintiff Martin Stivala is a parolee. He was convicted of an arson-related charge in 1991, sentenced to a term of imprisonment of four to twelve years, and paroled in 1999. On November 4, 2003, Plaintiff was arrested in Scranton, Pennsylvania, upon allegations that he drove his vehicle into Christopher Albright, the brother of Plaintiff's former best friend, Richard Albright.[1] Plaintiff was charged with aggravated and simple assault related to the incident, and

---

[1] The relationship between Plaintiff and the Albrights is, to say the least, fractious. Although Plaintiff and Richard Albright were, at one time, close friends, Plaintiff sued the Albrights in state court. Plaintiff claims that after winning an arbitration award, the Albrights routinely harassed him and used "derogatory, offensive language, which was demeaning and used only to embarrass me in the presence of my peers and employees." (Stivala Affidavit ¶ 7.)

the Board placed a detainer against him.  After an administrative conference between Plaintiff

and Defendant Smith held on November 10, 2003, Smith imposed special conditions on Plaintiff

as a result of the incident.  The special conditions included: (1) an increase in the frequency of

Plaintiff's reporting requirement; (2) electronic monitoring; (3) a curfew; (4) a restriction on

Plaintiff's permission to drive; and (5) a blanket prohibition against any contact with Christopher

Albright or his brother, Richard Albright.  On November 26, 2003, the charges against Plaintiff

were dropped.

In early March 2004, Defendant Smith received a phone call from Richard Albright.

During that phone call, Richard Albright claimed that Plaintiff Stivala continued to harass

Christopher Albright.  Later that day and at the direction of Defendant Smith, Defendant

Wharton arrested Plaintiff.

On March 10, 2004, Plaintiff was charged with two counts of technical violations of his

parole.  Count I was based upon the November 3, 2003, car incident between Plaintiff and

Christopher Albright.  The second count was based upon an incident that occurred in 2000

between Plaintiff and Robert McAndrew.[2]  On March 16, 2004, Hearing Officer Patrick

McCrone held a preliminary hearing, after which he concluded that there was probable cause to

bind Plaintiff over on both charges.  Plaintiff was incarcerated from March 9 until May 13, 2004.

On April 12, 2004, at the request of McAndrew, Count II was withdrawn.  On April 27,

_____

[2] Apparently, Plaintiff at one point was doing construction work on McAndrew's home.
In May 2000, during a conversation that took place in Plaintiff's car, McAndrew told Plaintiff
that he no longer wanted Plaintiff to work on his home due to a crack in the foundation.  The
charges filed against Plaintiff alleged that he threw McAndrew out of the car and nearly ran him
over.  McAndrew testified in his deposition that he got out of the car on his own accord.  Plaintiff
also indicates that McAndrew maintains close personal ties with the Albrights, and that Richard
Albright has been, and continues to be, McAndrew's financial advisor.

2004, a violation hearing was to be held on the merits of Count I, but was continued. On May 13, 2004, the Board rendered a decision to reinstate Plaintiff's parole, and Plaintiff was released from prison.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). However, the nonmoving party may not simply sit back and rest on the allegations in his complaint; instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted).

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable,

conclusory or speculative.  <u>Anderson</u>, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts.  <u>Id.</u> at 252; <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Summary judgment is appropriate if, after adequate time for discovery, the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case upon which he will bear the burden of proof at trial.  <u>Celotex</u>, 477 U.S. at 322-23

## III.   DISCUSSION

### A.      Fourth Amendment

Magistrate Judge Smyser's report and recommendation stated that "[i]n the instant case . . . defendants had reasonable suspicion to arrest and detain the plaintiff for violating the condition of his parole that he not engage in assaultive conduct."  (Doc. No. 27, at 8.)  Plaintiff objects to the Magistrate's ruling on the grounds that "there was no reasonable basis to detain Plaintiff again on March 9, 2004, under the circumstances for the same November 3, 2003, original allegations."  (Doc. No. 36, at 7; Pl's Br. in Support 7.)  The Court disagrees.

One of the special conditions Plaintiff agreed to in November 2003 stated that: "You shall have no contact in any capacity with Chris Albright or Richard Albright."  (Pl's Ex. 7, at 3.)  As part of that special condition, Plaintiff agreed that if he violated the special condition, he would "be subject to arrest and revocation of parole as if you had violated any of the original conditions."  (<u>Id.</u>)  Plaintiff thereby understood that if he contacted either Christopher Albright or his brother, Plaintiff could be subject to arrest.

In March 2004, Defendant Smith received a phone call from Richard Albright, who at the time claimed that Plaintiff had continued to make threats toward Christopher.  Thereafter, Smith

ordered the arrest of Plaintiff.  When Smith ordered the arrest, the facts known to him revealed

that Plaintiff had violated a special condition of his parole, namely that Stivala contacted

Christopher Albright.[3]  The Court therefore finds that Plaintiff's objection that his arrest violated

his constitutional rights because he "was in direct and complete compliance with all conditions of

his parole" (Doc. No. 31, at 5) to be without merit.

### B.    Substantive Due Process

For a plaintiff to prevail "in a substantive due process challenge to an action taken by an

executive branch official, 'the threshold question is whether the behavior of the governmental

officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary

conscience.'"  Kaucher v. County of Bucks, 455 F.3d 418, 425 (3d Cir. 2006) (quoting County of

Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).  With respect to Plaintiff's substantive due

process claims, Magistrate Judge Smyser recommended "the defendants had a reasonable

suspicion to believe that the plaintiff violated his parole.  Thus, the defendants' actions in

---

[3] Although Defendant Smith asserted that he believed that Plaintiff had violated an original condition of his parole, the Court notes that "the subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004).  Taken as a whole, the record makes clear that Defendant Smith had sufficient justification at the time of the arrest to detain Plaintiff for a technical violation of special conditions.

The Court further notes that during the parole-violation proceedings, Defendant Smith relied upon the technical violation of special conditions as an additional basis for Plaintiff's arrest beyond the two counts identified in the notice of charges.  (See Doc. No. 19-18, at 3). Plaintiff's wife, a licensed Pennsylvania attorney and co-counsel in the proceeding, argued that such a justification had not previously been advanced, and "[t]o request the panel to consider an alleged violation of a special condition without ever notifying Stivala that he violated a special condition of his parole is a clear violation of his Constitution[al] Due Process Rights which entitle him to notice."  (Doc. No. 19-20, at 3.)  Irrespective, though, of the justification proffered by the Defendant at the time of the *hearing*, it is clear from the record that probable cause existed at the time of his *arrest*.  The fact that Defendants charged Plaintiff with two *other* technical violations does not alter the analysis under the Fourth Amendment.

arresting and detaining the plaintiff were not arbitrary in the constitutional sense and, therefore, not a violation of substantive due process."  (Doc. No. 27, at 10.)

In his objection to the Magistrate Judge's report and recommendation, Plaintiff asserts the following:

> In this case, the Plaintiff was in full compliance with all [parole] conditions imposed, however, through the arbitrary and capricious conduct of Defendants, Smith and Wharton, without notice, investigation or reason, and based upon the [March 9th] phone calls which in Defendant Smith's own words amounted to "nothing substantial", the Plaintiff was handcuffed, removed from his home, taken to prison where he remained for sixty-five (65) days, suffering a grievous loss of his wife, 18 month old son and financial consequences to his construction business.

(Doc. No. 36, at 7-8; Pl's Br. in Support 7-8.)

As stated above, on March 9, 2004, Defendant Smith had reason to believe that Plaintiff violated a special condition of his parole based upon Richard Albright's representations.  Thus, Plaintiff's objections to the effect that Defendant Smith had no additional bases to have Plaintiff arrested beyond those allegations concerning the November incident are overruled.  Furthermore, the Court agrees with Magistrate Judge Smyser's conclusion that Defendants' actions, while perhaps rash, were not "conscience-shocking, in a constitutional sense," County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)), and thus do not run afoul of Plaintiff's right to due process.

Plaintiff also objects to Magistrate Judge Smyser's report and recommendation because he did not address the second count II in the notice of charges brought against Plaintiff.  As noted earlier, the second count involved an incident that occurred almost four years before the charges were filed against Plaintiff.  Plaintiff believes that its inclusion in the March 10, 2004, notice of

charges constituted a violation of his due process rights.[4]   However, on March 16, 2004, Hearing

Examiner Patrick McCrone conducted a preliminary hearing, during which Plaintiff was

represented by counsel, and McCrone determined that there was probable cause to bind Plaintiff

over for a violation hearing on both Counts I and II.   To the extent that Plaintiff objects that the

Report and Recommendation is silent as to Defendants' inclusion of Count II, Plaintiff fails to

demonstrate that Defendants' actions "shock the conscience."   Plaintiff's objections are

accordingly overruled.

### C.   Remaining Claims

In his report, Magistrate Judge Smyser recommended that the Court grant Defendants'

motion for summary judgment as to Plaintiff's state-law claims but deny summary judgment as

to Plaintiff's Sixth and Eighth Amendment claims because Defendants' motion for summary

judgment was silent as to the constitutional claims.   Neither party objected to the report and

recommendation with respect to these claims, and the Court will adopt Magistrate Judge

Smyser's reasoning.

Defendants, acknowledging that they failed to address Plaintiff's Sixth and Eighth

Amendment claims, seek leave to correct their oversight through a supplemental motion for

summary judgment.   (Doc. No. 28.)   They argue that such a motion will not unduly prejudice

Plaintiff, and indeed may obviate the need for trial.   Plaintiff, however, opposes the motion on

the grounds that he "will be exposed to substantial additional legal fees and costs in opposing

said Motion, not to mention further delay in receiving any relief which may come from the

---

[4] In his brief in support of his objections, Plaintiff characterizes the circumstances
surrounding Defendants' decision to include Count II into the notice of charges as evidence of
"just how far the wild-west was willing to go."  (Doc. No. 36, at 9.)

conclusion of this lawsuit." (Doc. No. 40, at 4; Pl's Br. in Opp'n 4.) Plaintiff further argues that Local Rule 72.3, which provides for the manner by which a party may object to a report and recommendation, "does not allow a party to file a new motion because they erroneously excluded an argument or claim they failed to raise earlier." (Doc. No. 40, at 6; Pl's Br. in Opp'n 6.)

Permitting leave to file a supplemental motion for summary judgment after an order has already issued on summary judgment motion is uncommon for this Court. Defendants enjoy the advantageous position of redoubling on a dispositive motion with the benefit of a court order. On the other hand, if no genuine issue of material fact is in dispute, the interests of judicial economy and speedy resolution weigh heavily in favor of resolving the case at the summary-judgment stage, rather than through a motion for judgment as a matter of law at trial. Thus, although Plaintiff's objections are well taken,[5] the Court will grant Defendants leave to file the supplemental motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Smyser's report and recommendation, overrule Plaintiff's objections, and grant Defendants' motion for summary judgment. Additionally, the Court will permit Defendants' leave to file a supplemental motion for summary judgment. An appropriate order follows.

---

[5] To the extent that Plaintiff has been unduly prejudiced or Defendants acted in bad faith, remedies other than denying leave would perhaps be more appropriate.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTIN F. STIVALA,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:06-CV-505** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JOSEPH SMITH and** | : | |
| **KEVIN WHARTON,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 25th day of June, 2007, upon due consideration of the Court and for

the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's objections to Magistrate Judge Smyser's report and recommendation are **OVERRULED**.

2.   Magistrate Judge Smyser's report and recommendation is **ADOPTED**.

3.   Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiffs' Fourth, Fifth, and Fourteenth Amendment claims.  Summary judgment is **DENIED** with respect to Plaintiff's Sixth and Eighth Amendment claims.

4.   Defendants' motion for leave to file a supplemental motion for summary judgment (Doc. No. 28) is **GRANTED**.

5.   Plaintiff shall have ten (10) days to oppose Defendants' supplemental motion for summary judgment (Doc. No. 29).  Defendants shall have ten (10) days to file a reply to any opposition.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

10