**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTIN F. STIVALA,** | : | |
| Plaintiff | : | Civil Action No. 3:06-CV-505 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **JOSEPH SMITH and** | : | |
| **KEVIN WHARTON,** | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:**

On June 25, 2007, this Court entered an order granting partial summary judgment in favor of Defendants. (Doc. No. 48.) As part of the order, the Court also granted Defendants' motion for leave to file a supplemental motion for summary judgment on the remaining claims. The Court accordingly required Plaintiff to file a brief in opposition to Defendants' motion for supplemental summary judgment (Doc. No. 29) within ten days of the order. To date, Plaintiff has not filed any opposition to Defendants' supplemental motion for summary judgment. Therefore, pursuant to Local Rule 7.6,[1] Defendants' motion will be deemed unopposed. Moreover, upon independent review of the motion, the Court finds that summary judgment is warranted in this case.

---

[1] Local Rule 7.6 states that

> Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within five (5) days after service of the motion. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a responsive brief.

Federal Rule of Civil Procedure 56(c) provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(e) provides that "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Summary judgment is appropriate if, after adequate time for discovery, the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case upon which he will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In this case, Defendants argue that neither of the two defendants took any actions that could support a Sixth Amendment or Eighth Amendment claim against them.  Specifically, Defendants argue that Plaintiff's claims should be directed against the hearing examiner, not against Smith (who did not participate in the hearing) or Wharton who prosecuted the case against Plaintiff.  Given the record before the Court, it appears that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.  Accordingly, Defendants' supplemental motion for summary judgment shall be granted.

**AND NOW**, on this 2nd day of August, 2007, **IT IS HEREBY ORDERED THAT** Defendants' supplemental motion for summary judgment (Doc. No. 29) is **DEEMED** unopposed

and is **GRANTED**.  **IT IS FURTHER ORDERED THAT** the Clerk shall enter judgment in favor of Defendants and shall close the file.

                                             s/ Yvette Kane
                                             Yvette Kane, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania